UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>OPA LOS ALTOS, LP, et al.,<br><br>    Defendants. | Case No. 21-cv-04307-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS ADA CLAIM FOR LACK OF SUBJECT MATTER JURISDICTION; DECLINING SUPPLEMENTAL JURISDICTION OVER UNRUH ACT CLAIM**<br><br>[Re: ECF No. 21] |

Before the Court is a motion to dismiss brought by Defendants Opa Los Altos LP and Opa Management Group, Inc. ("Opa"). ECF No. 21 ("Mot."); *see also* ECF No. 24 ("Reply"). Opa argues that Plaintiff Scott Johnson's lone federal claim—brought under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, *et seq.*—is moot because Opa has ceased all business operations and permanently vacated the premises at issue. Johnson opposes the motion. ECF No. 23 ("Opp."). The Court agrees with Opa that the ADA claim is moot, and for the following reasons GRANTS Opa's motion to dismiss the ADA claim. The Court declines to exercise supplemental jurisdiction over the remaining state law claim under the Unruh Act. Accordingly, Johnson's Complaint is DISMISSED WITHOUT PREJUDICE.

**I.     BACKGROUND**

Johnson is a level C-5 quadriplegic who relies on a wheelchair for mobility. ECF No. 1 ("Compl.") ¶ 1. He also has significant manual dexterity impairments. *Id.* Johnson alleges that in March and May 2021, he visited the Opa Authentic Greek Cuisine restaurant located at 325 Main Street in Los Altos. *Id.* ¶¶ 2–3, 8. During these visits, Johnson observed that the restaurant lacked accessible dining surfaces. *Id.* ¶¶ 10–21. Johnson alleges that Opa owned the restaurant during

1  those visits. *Id.* ¶ 2. Johnson filed this action against Opa on June 7, 2021, alleging violations of
2  the ADA and the California Unruh Civil Rights Act, Cal. Civ. Code § 51–53. *See generally*
3  Compl. For his ADA claim, he seeks only injunctive relief to remove the alleged barriers to
4  access. *See* Compl., Prayer ¶ 1.

## II. LEGAL STANDARD

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376–77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject-matter jurisdiction."). The Court has a continuing obligation to ensure that it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.* Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union*

*High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

"Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood*, 327 U.S. 678, 66 S. Ct. 773, 90 L. Ed. 939 (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983). The Supreme Court has determined that jurisdictional dismissals are warranted "where the alleged claim under the Constitution or federal statues clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Bell*, 327 U.S. at 682–83.

## III.   DISCUSSION

### A.   ADA Claim

Opa brings a factual challenge to the Court's subject-matter jurisdiction, arguing that it cannot be liable for an ADA violation because the restaurant terminated its occupancy on July 25, 2021 and ended its lease of the premises on September 30, 2021, meaning that Opa no longer owns or leases the restaurant at that address. Mot. at 5; Adams Decl., ECF No. 21-1 ¶¶ 3–4. Opa says that it vacated the building that it previously occupied, surrendered possession of the facility, and has no ownership interest in the facility. *Id.* ¶ 5.

Johnson does not offer any evidence to meet his burden to establish subject matter jurisdiction in the face of this evidence from Opa. *See St. Clair*, 880 F.2d at 201; *Savage*, 343 F.3d at 1040 n.2. Instead, Johnson makes several arguments that have been repeatedly rejected in similar ADA cases in which defendants have alleged that they have vacated the subject premises.

First, Johnson argues that Opa's jurisdictional challenge is improperly brought as a Rule 12(b)(1) motion because "the very question this Court needs to address in determining whether it has jurisdiction is the same question that must be answered to determine the merits of the case and whether plaintiff can prove his claims." Opp. at 3. Where defendants have moved to dismiss on jurisdictional grounds based on their alleged compliance with the ADA, this argument has sometimes prevailed. *See Johnson v. Fogo De Chao Churrascaria (San Jose) LLC*, 2021 WL 3913519, at *3 (N.D. Cal. Sep. 1, 2021). But in cases alleging mootness due to a defendant ceasing operations at the subject property, rather than finding Rule 12(b)(1) motions untimely or

unsuited to the issue, courts have instead applied a summary judgment standard to decide the motion without converting the motion to a Rule 56 motion. *See Whitaker v. A&S Hershenson, LLC*, 2019 U.S. Dist. LEXIS 226805, at *4 (C.D. Cal. Nov. 13, 2019) (holding that because the issue also determined whether defendant could be liable under federal accessibility laws, the court "must apply a summary judgment standard"). The Court will apply the summary judgment standard here.

Second, Johnson argues that Opa's evidence of the restaurant's closure is insufficient because a declaration from its Chief Executive Officer Molly Adams is "self-serving" and inadequate to support its argument that the case against it is moot. Opp. at 6. But the Ninth Circuit has recognized that affidavits are perfectly appropriate evidence for determining whether the Court has subject-matter jurisdiction. *See Johnson v. Otter*, 2019 WL 452040, at *3 (N.D. Cal. Feb. 5, 2019) (citing *Safe Air for Everyone*, 373 F.3d at 1039).

Finally, Johnson argues that Opa has not shown that it has permanently ceased operations at the restaurant and suggests that the Court infer that Opa will resume operations because it "*only* closed its business after being sued by Plaintiff." *Id.* at 3–5 (emphasis in original). The Court need not consider Opa's purported motivations for ceasing to operate the restaurant. The uncontroverted evidence shows that Opa does not have an interest in the subject property and that the restaurant has permanently vacated the property.

A claim may become moot if (1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (citing *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968); *Lindquist v. Idaho State Bd. Of Corrections*, 776 F.2d 851, 854 (9th Cir. 1985)). In *Kohler v. Southland Foods, Inc.*, the Ninth Circuit held that the plaintiff's "[ADA] claims for prospective injunctive relief became moot once the restaurant ceased operation." 459 F. App'x 617 (9th Cir. 2011) (unpublished); *see also Otter*, 2019 WL 452040, at *3; *Johnson v. Lake Tahoe Partners*, No. CIV. S-13-2534 KJM, 2014 WL 2548830, at *3 (E.D. Cal. June 5, 2014) ("Courts have found ADA cases to be moot when the

4

challenged premises have closed with no plans to reopen or lease to new tenants." (citing cases)). This is precisely the scenario here. In view of the record before the Court, Johnson cannot plausibly expect to encounter any of the alleged barriers in the future because the restaurant is no longer in operation and Opa has vacated the property. *Moore*, 708 F. App'x at 485; *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). The Court finds Johnson's ADA claim moot and on that basis grants Opa's motion to dismiss the ADA claim for lack of subject matter jurisdiction.

### B. Unruh Act Claim

Opa argues that the Court should decline supplemental jurisdiction over the Unruh Act claim because the only federal claim has been dismissed. Mot. at 5–6. In opposition, Johnson does not provide argument for why the Court should exercise supplemental jurisdiction over the Unruh Claim if it were to dismiss the ADA claim and nothing but the Unruh Act claim is remaining. *See* Opp. at 9–11 (addressing situations in which (1) the ADA claim is not dismissed and (2) the ADA claim is dismissed but other federal claims remain).

"District courts may—and often do—decline to exercise supplemental jurisdiction if, as here, it has dismissed all claims over which it has original jurisdiction." *Johnson v. Opa Campbell LP*, 2021 WL 3493712, at *4 (N.D. Cal. Aug. 9, 2021) (quoting *Johnson v. Montpelier One LLC*, 2020 WL 3504458, at *3 (N.D. Cal. June 28, 2020), and citing 28 U.S.C. § 1367(c)(3)). The Supreme Court and Ninth Circuit have "often repeated" that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

Just last month, the Ninth Circuit weighed in on this issue as applied to construction-related accessibility cases. *See Arroyo v. Rojas*, 19 F.4th 1202 (9th Cir. 2021). In that case, the Ninth Circuit noted that under the Unruh Act, the California legislature chose to "impose filing restrictions designed to address [the concern that] high-frequency litigants may be using the statute to obtain monetary relief for themselves without accompanying adjustments to locations to assure accessibility to others." *Id.* at 1211–12. These restrictions include requiring "high-frequency

5

litigants" to pay an additional $1,000 filing fee and disclose how many complaints they have filed in the last year, the reason the plaintiff was in the geographic area of defendant's business, and why plaintiff desired to access the business. *See id.* at 1207–08. "Due to the shift of ADA-based Unruh Act cases to federal court[s]," which have not applied these restrictions, the Ninth Circuit found that Unruh Act's goal of "simultaneously providing damages relief for ADA violations while 'limit[ing] the financial burdens California's businesses may face for statutory damages'" has been undermined. *Id.* at 1212–13. Thus, the court held that district courts should consider "on a case-by-case basis" whether to decline supplemental jurisdiction over Unruh Act claims. *Id.* at 1205.

Applying these considerations to this specific case, the Court will decline supplemental jurisdiction. Johnson has not shown that this is anything but the "usual case" in which the Court should decline supplemental jurisdiction where no federal claims remain. *Acri*, 114 F.3d at 1001. The Court has not considered the merits of the Unruh Act claim and there is no interest in judicial economy in keeping the case. The Court will therefore decline to exercise supplemental jurisdiction over the Unruh Act claim. Plaintiff may bring that claim in state court, subject to any procedural requirements under the Unruh Act that may be applicable to him.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

- Opa's motion to dismiss Johnson's ADA claim for lack of subject-matter jurisdiction under Rule 12(b)(1) is GRANTED;
- the Court DECLINES to exercise supplemental jurisdiction over the Unruh Act claim; and
- Johnson's complaint is DISMISSED WITHOUT PREJUDICE.

Dated:  January 18, 2022

_____
BETH LABSON FREEMAN
United States District Judge